## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

**MORRIS EDWARDS**                                    **CIVIL ACTION NO. 19-0080**

                                                     **SECTION P**

**VS.**

                                                     **JUDGE S. MAURICE HICKS, JR.**

**MELLISSA JAMES**                                   **MAG. JUDGE KAREN L. HAYES**

### REPORT AND RECOMMENDATION

Plaintiff Morris Edwards, a prisoner at Claiborne Parish Detention Center proceeding pro se and in forma pauperis, filed the instant proceeding on January 18, 2019, under 42 U.S.C. § 1983.  He names Detective Mellissa James as Defendant.[1]  For the following reasons, it is recommended that Plaintiff's Complaint be dismissed.

### Background

Plaintiff alleges that, on March 23, 2017, Detective Mellissa James "charge[d]" him, without probable cause, with two counts of simple burglary for burglarizing Brewniverse and Superior Bar and Grill.  [doc. # 1, p. 3].  He indicates that he was already incarcerated for either a previous conviction or for other pending, yet related, charges.  *Id.* at 4.

 At an April 12, 2017 preliminary examination, a state trial judge found no probable cause to charge Plaintiff for the two burglaries.  *Id.*  According to Plaintiff, Defendant testified at the preliminary hearing that she did not conduct a lineup, that surveillance video did not clearly depict Defendant, that she did not obtain fingerprints, that she was not aware of any witnesses, and that she could not identify a suspect if the suspect's face was covered.  *Id.* at 4.  Plaintiff adds

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

that Defendant never questioned him and, moreover, that she fabricated allegations in a "report" because she wanted Plaintiff to serve more time in prison.  *Id.*  Plaintiff asks the Court to terminate Defendant's employment and to award $12,000,000.00 for his pain, suffering, anguish, and loss of enjoyment of life.  *Id.* at 5.

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2]  See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

---

[2]  Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).  Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

## 2. Statute of Limitations

District courts are authorized to dismiss a claim as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations."  *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  A district court may raise the limitation period sua sponte.  See *Harris*

*v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for a Section 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984). Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

However, the date of accrual for a Section 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). The "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007).[3]

Detention "pursuant to such process" occurs, "for example, [when the alleged victim] is bound over by a magistrate or arraigned on charges." *Id.* at 389. Detention "pursuant to legal process" also occurs when a judge finds probable cause to detain a defendant pending trial. *Villegas v. Galloway*, 458 F. App'x 334, 338 (5th Cir. 2012). Further, "Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." *Kato*, 549 U.S. at 389 (quoted source omitted).

Here, Plaintiff's false arrest claim accrued on April 12, 2017, the date of his preliminary

---

[3] In this context, false arrest and false imprisonment are identical: "False arrest and false imprisonment overlap; the former is a species of the latter. . . . We shall thus refer to the two torts together as false imprisonment." *Kato*, 549 U.S. at 388-89 (internal quotation marks and quoted sources omitted).

examination.[4]  See *Villegas*, 458 F. App'x at 338.  Because the trial judge found no probable cause to charge Plaintiff, he was never detained *pursuant to legal process* for the two burglary charges.  Likewise, Plaintiff's alleged false imprisonment ended when the judge found no probable cause to charge him.[5]

Plaintiff, therefore, had one year from April 12, 2017, or until April 12, 2018, to file his claim.  As Plaintiff did not file his claim until, at the earliest, December 28, 2018,[6] his claim should be dismissed as frivolous.[7]  See *Brown v. Pool*, 79 Fed. App'x. 15, 17 (5th Cir. 2003) (affirming the district court's judgment dismissing an untimely claim as frivolous).

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Morris Edwards'

---

[4] See LA. CODE CRIM. PROC. art. 296 (emphasis supplied) ("If the defendant has not been indicted by a grand jury for the offense charged, the court shall, at the preliminary examination, order his release from custody or bail if, from the evidence adduced, it appears that there is not *probable cause* to charge him with the offense or with a lesser included offense.").

[5] While Plaintiff claims that the detective *charged* him with two counts of burglary, Plaintiff does not present a malicious prosecution claim.  Rather, Plaintiff's claims surround his detention without legal process (i.e. before a finding of probable cause or, more specifically, before detention pursuant to legal process).  "The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process . . . ." *Kato*, 549 U.S. at 389.  Had Plaintiff been detained pursuant to legal process (by, for instance, being "bound over by a magistrate or arraigned on charges"), his further alleged unlawful detention would form "part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process."  See *id.* at 390 (internal quotation marks and quoted source omitted).  "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more.  From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself."  *Id.*

[6] Ostensibly, Plaintiff signed his pleading on December 28, 2018.  [doc. # 1, p. 5].

[7] Nothing suggests that the limitations period should be tolled.

Complaint be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 4th day of February, 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE